# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| JEREMY D. ROBINSON<br>LA. DOC #424389<br>VS. | CIVIL ACTION NO. 3:11-cv-0510<br>SECTION P<br>JUDGE ROBERT G. JAMES |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jeremy D. Robinson filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §636 on March 29, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Corrections Center, Homer, Louisiana. Petitioner attacks his January 22, 2008 convictions for unauthorized use of motor vehicles, aggravated escape, and false imprisonment and the 25 year sentence imposed by the Thirty-Seventh Judicial District Court, Caldwell Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner pled guilty to the offenses of conviction on January 22, 2008, and, pursuant to a plea agreement he was sentenced to serve 25 years at hard labor. [Doc. 6, p. 4 and p. 14[1]] He did not

---

[1] Under the terms of the plea agreement, petitioner pled guilty to aggravated escape, false imprisonment with a dangerous weapon and two counts of unauthorized use of a motor vehicle. The parties agreed that the sentences imposed would not exceed 25 years. In return for the plea,

appeal his conviction or sentence.[2] On September 24, 2009, petitioner filed a *pro se* application for post-conviction relief in the Thirty-Seventh Judicial District Court. Petitioner argued that his convictions for aggravated escape and false imprisonment violated the Constitution's prohibition of double jeopardy, and, that he received ineffective assistance of counsel. [Doc. 6, pp. 7-13] The District Court denied relief on October 16, 2009. [Doc. 6, p. 23] Petitioner sought further review in the Second Circuit Court of Appeals in a writ application assigned Docket Number 45255-KH. [Doc. 6, p. 15; pp. 16-21]That court denied writs on January 6, 2010, having found that petitioner failed to meet the burden of proof that post-conviction should be granted. [Doc. 6, p. 38] Thereafter he sought review in the Louisiana Supreme Court. [Doc. 6, pp. 32-37] Writs were denied without comment on February 11, 2011. *State of Louisiana ex rel. Jeremy D. Robinson v. State of Louisiana*, 2010-0281 (La. 2/11/2011), 56 So.3d 993.

Petitioner filed the instant petition on March 29, 2011, raising the same two claims raised in his state post-conviction application: (1) petitioner's convictions for aggravated escape and false imprisonment subjected him to double jeopardy; and (2) ineffective assistance of counsel based on counsel's failure to investigate all the facts surrounding petitioner's involvement with the offenses.

---

the State agreed to dismiss all other charges pending in the Judicial District and to refrain from prosecuting petitioner as an habitual offender. [Doc. 6, p. 4]

[2] Indeed, under Louisiana law, petitioner could not appeal his conviction since he entered a guilty plea. A plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, petitioner would not have been able to appeal his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner was sentenced within the limits of a plea agreement which set a sentencing cap of 25 years. Where a specific sentence or cap has been agreed to as a consequence of a plea agreement, a sentence imposed within the agreed upon range cannot be appealed as excessive. La. C. Cr. P. art. 881.2(A)(2); *State v. Young*, 96-0195 (La.10/15/96), 680 So.2d 1171.

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following January 22, 2008 (the date that petitioner pled guilty and was sentenced in accordance with the plea agreement)[4] or, on or about February 22, 2008. Under § 2244(d)(1) petitioner had one year from that date, or until February 22, 2009 to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because by his own admission – taken as true for the purposes of this Report – he did not file his first collateral attack in the state courts until September 24, 2009, and by that time, although the 2-year State limitations had not expired, the 1-year AEDPA limitations period had already long expired. Neither that filing nor any of his subsequent filings in the the Second Circuit Court of Appeals or the Louisiana Supreme Court could toll the limitations period, since these proceedings were filed <u>after</u> the AEDPA limitations period had already expired. As stated above, any lapse of time <u>before</u> the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Since a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

---

[4] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

*2. Equitable Tolling*

In his original petition, petitioner acknowledged that his federal petition may be time barred by the provisions of 28 U.S.C. §2244(d); he implied that he is entitled to either statutory or equitable tolling claiming that he was prevented from filing because he did not have court documents and because there was no legal aid office where he was initially confined. [Doc. 1] Petitioner was previously directed to amend his petitioner to provide the information needed to conduct a complete review. Since he implied that he was entitled to tolling, he was also directed to "... provide a detailed factual statement and argument in favor of such a claim." [Doc. 5] Petitioner responded to the general order but offered no evidence or argument to support equitable or statutory tolling. [Doc. 6]

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also

5

*Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, although provided the opportunity to do so, petitioner failed to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The alleged extraordinary circumstances implied by petitioner, such as ignorance of the law, the temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir.2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir.2000).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, October 12, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE